IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRETTA WEBB,

    Plaintiff,

vs.                                                       No.: 1-04-1288-T/An

STANLEY JONES REALTY, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

**IT APPEARING** that a protective order is appropriate to facilitate the production of information and documents in this litigation;

**IT IS ORDERED AND DECREED** that, pursuant to the stipulation of the parties through their undersigned counsel of record, and any third parties who, by signing a copy of form of the agreement attached hereto, agree to be bound thereby, that the following protections be adopted for purposes of discovery in this action;

    a.     The term *"Discovery Materials"* means all depositions, transcripts and exhibits, written discovery responses, documents made available or generated during discovery, including information and other materials produced by a Producing Party in connection with this action.

    b.     The term "Confidential Materials" means all Discovery Materials which a Producing Party reasonably believes are eligible for protection under Fed. R. Civ. P 26(c)(7). All Confidential Materials shall be marked with the term **"CONFIDENTIAL"** prior to their production by a Producing Party.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on __07-18-05__



c. The term *"Producing Party"* means any person or entity who has agreed to be bound by this Order and who produces any Confidential Materials in connection with this action.

d. The term *"Qualified Person"* includes those parties, attorneys, legal assistants, clerical and secretarial personnel, consultants, expert witnesses, shareholders, and present or former employees of any Receiving Person whose employment assignments entail, in whole or in part, responsibility for this action and those court personnel and court reporters directly involved in this action ("Court Personnel").

e. The term *"Receiving Person"* means any person or entity who has agreed to be bound by this Order and who receives any Confidential Materials in connection with this action.

f. The term *"Under Seal"* shall mean filed in a sealed envelope with the Clerk of the Court containing the notation set forth in paragraph J of this Order.

g. Confidential Materials are to be disclosed only to Qualified Persons. Confidential Materials shall be maintained in a manner reasonably designed to avoid any disclosure which is contrary to this Order, and shall not be disclosed to any individuals other than Qualified Persons, except as permitted by this Order or further order of the Court.

h. Confidential Materials may not be used for any purpose other than this action. Confidential Materials may not be used for purposes of any other action or for any business or other purpose. Receiving Persons shall not make copies of Confidential Materials, except for purposes of this action.

i. Receiving Person(s) shall not receive or use Confidential Materials unless and until each such individual has agreed in writing to be bound by this Order. Such written agreement shall be in the form attached hereto. Each Receiving Person is responsible for

obtaining and maintaining the signed agreements from each individual who receives or uses any of the Confidential Materials.

j.  If a party desires to offer into evidence any discovery materials that have been designated as confidential, such party must provide the opposing party with at least three (3) business days advance notice. Counsel for the opposing party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The documents shall continue to be treated in accordance with the provisions of this Order until the opposing party's motion is ruled upon.

k.  Whether or not such document is filed Under Seal, it shall bear on the cover only the notation "CONFIDENTIAL" on any document containing Confidential Materials. The parties may use Confidential Materials at depositions in this action. If the deponent or the attorney for the deponent is not subject to this Order, the deponent and/or his/her/its attorney shall be provided a copy of this Order and shall be requested to agree in writing to be bound by the Order, using the form attached hereto.

l.  In the event that Confidential Materials are used in a deposition, the party asserting such confidentiality shall indicate the confidential nature of the particular information comprising the Confidential Materials at the time of the deposition or within 10 days after the transcript is prepared. The court reporter shall make reasonable efforts to segregate and bind separately any such confidential portions of transcript which portion shall bear the following notation on the face of the envelope only:

**RESTRICTED**
**THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER IN "CONFIDENTIAL" LABELED PORTIONS OF THIS TRANSCRIPT AND ANY ATTACHED DOCUMENTS MARKED "CONFIDENTIAL" MAY NOT BE DISCLOSED TO ANY PERSON OTHER THAN QUALIFIED PERSONS, AS SET FORTH IN THE PROTECTIVE ORDER**

m.  This Order shall not apply to any documents or materials which are available through the public domain. Documents and materials available through the public domain include those documents or materials which may be obtained through the media, unrestricted government records, or other public records or files. This Order shall not apply to any documents or materials obtained from some source other than the Producing Party and shall not apply to any documents already possessed by a Receiving Person at the time the documents or materials are provided.

n.  Any party may apply to this Court for relief from the terms of the Order with respect to any particular documents or information. Nothing in this Order prevents any parties in applying to the Court for a change or modification of any or all parts of this Order.

o.  This Order is without prejudice to the rights of any party to seek such further or lesser protection as may be appropriate. Such further or lesser protection as may be necessary to govern the disclosure and use of Discovery Materials and information covered by this Order at trial may be addressed by a separate order signed by the Court at anytime.

p.  At the conclusion of this action, including any appeals and writs, counsel of record for the parties shall keep any Confidential Materials in a matter consistent with this Order. All Receiving Persons who are experts, consultants, witnesses, or other persons or entities other

than counsel of record for the parties in this action shall, at the option of the Producing Party, return all Confidential Materials to such Producing Party or destroy such Confidential Materials and confirm such destruction to the Producing Party provided any Confidential Materials bearing notations or other marginalia of a Receiving Person may be destroyed and not returned at the option of the Receiving Person.

  q. This Order is entered for the purpose of facilitating the exchange of information among the parties and non-parties to this litigation. The parties' agreement to be bound by the terms of this Order shall not be deemed to constitute an admission or waiver, including waiver under the rules of evidence, by anyone. Nothing in this Order shall be construed to alter the confidentiality or non-confidentiality of any Discovery Materials.

  r. This Stipulated Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under Tennessee and Federal Law.

  s. Counsel for the parties may agree in writing to any specific disclosure of the Confidential Information in a particular circumstance without prejudice to the continued application to this Order as to the use of that document or thing.

  t. No disclosure of Confidential Information whether intentional or inadvertent shall be deemed to waive any of the rights provided herein. Disclosure of Confidential Information for one purpose does not constitute a waiver for any other purpose.

  u. The intentional disclosure of documents which are marked "privileged and confidential" or "attorney-client" or "work product" does not constitute a waiver of any applicable privileges to any other related privileged documents or other privileged documents. It is expressly understood by the parties that regardless of a "privileged" notation on the document, a determination must still be made as to whether a document is actually subject to any privileges

for purposes of the litigation. This agreement recognizes the fact that a party should not be punished for conducting that analysis by the requirement of a waiver of privilege as to any related documents.

v. This Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce or modify its terms.

IT IS SO **ORDERED** THIS  14th  day of  July , 2005.

_____
UNITED STATES COURT MAGISTRATE JUDGE

## STIPULATION BY THE PARTIES

By the signatures of their counsel of record, below, each of the parties to this action hereby agrees to be bound by the terms of this Protective Order.

Dated: July 11, 2005

**APPROVED BY**:

_____
Stephen H. Biller, Esq.
*Attorney for Plaintiff*

_____
Mark Stamelos, Esq.
*Attorney for Defendant*

7

## TERRETTA WEBB V. STANLEY JONES REALTY, INC.
## CIVIL ACTION NO. 1-04-1288

I hereby acknowledge that I, [name], [position of employment], am about to receive confidential information supplied in connection with the litigation styled: **TERRETTA WEBB V. STANLEY JONES REALTY, INC.** CIVIL ACTION NO. 1-04-128. By my signature below, I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Court's "Protective Order," entered in this action on [date], and that I have been given a copy of and have read the Protective Order and agreed to be bound by its terms. I understand that such information and copies that I make of any Confidential Materials, as defined in the Protective Order, or any notes or other records that may be made regarding any such matter, shall not be used or disclosed to any persons except as permitted in the Protective Order.

Dated: _____

By: _____
Name: _____
Title: _____
Address: _____
Telephone: _____
Fax Number: _____

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Stipulated Protective Order has been mailed, by placing in the U.S. Mail, postage paid, to Stephen H. Biller, Esq., The Bogatin Law Firm 1611 International Place Drive, Suite 300, Memphis, TN 38120 on this the __11__ day of July 2005.

_____
Mark E. Stamelos

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 1:04-CV-01288 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Mark E. Stamelos
KING & BALLOW
315 Union Street
1100 Union Street Plaza
Nashville, TN 37201

Honorable James Todd
US DISTRICT COURT