Case 1:04-cv-01288-JDT-STA   Document 39   Filed 08/11/05   Page 1 of 5   PageID 51

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TERRETTA WEBB, | ) |
| Plaintiff, | ) |
| VS. | ) No. 04-1288-T/An |
| STANLEY JONES REALTY, INC., | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS

This action was filed on October 29, 2004 by the plaintiff, Terretta Webb, against her former employer, Stanley Jones Realty, Inc. Plaintiff's original complaint alleged causes of action under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and the Employee Retirement Income Security Act of 1974 as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1611 *et seq.* On January 14, 2005 the defendant filed an answer to the complaint and a counterclaim for breach of fiduciary duty, negligence, tortious conversion of property and unjust enrichment. On June 21, 2005, plaintiff moved for leave to file an amended complaint, which was granted by the Magistrate Judge. The amended complaint, which adds allegations of slander under Tennessee law, was filed on June 27, 2005. Before the Court is defendant's motion to dismiss the amended complaint. Plaintiff has responded to the motion.
This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 08-11-05



A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). The complaint need only afford the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46)); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).

In the amended complaint, plaintiff alleges that her employment was terminated by the defendant effective July 9, 2004. It is further alleged that "since Webb's termination, Defendant, Defendant [sic] and its agents, have published to current and former tenants and members of the public . . . that Webb was terminated for stealing." (Am. Compl. ¶ 19.) The defendant argues that this allegation fails to state a claim upon which relief may be granted because it does not adequately set forth the time and place of the allegedly slanderous statements.

In Tennessee, the statute of limitations for slander is six months from the date the words are uttered, see Tenn. Code Ann. § 28-3-103, and the "discovery rule" does not apply

2

to toll the statute until the injury is discovered by the plaintiff. Quality Auto Parts Co. v. Bluff City Buick Co., 876 S.W.2d 818, 821-22 (Tenn. 1994). More than eleven months had passed since plaintiff's termination when she filed her motion to amend the complaint. Thus, it is entirely possible that the claim is barred by the statute of limitations. Plaintiff alleges only that the slanderous statements were uttered after her termination on July 9, 2004.

Tennessee law no longer requires that a plaintiff plead allegedly slanderous statements verbatim. Handley v. Mays, 588 S.W.2d 772, 774-76 (Tenn. Ct. App. 1979). Only the substance of the utterance must be set forth. Id. at 775. However, the Tennessee Court of Appeals has held that, in order to state a claim upon which relief may be granted, a plaintiff must plead the time and place of the allegedly slanderous utterance. See Millsaps v. Millsaps, 1989 WL 44840, *6 (Tenn. Ct. App. May 3, 1989); Handley, 588 S.W.2d at 775 (claim stated "[w]here the substance of the slanderous utterance is pled along with notice of the time and place of the utterance"); see also Carter v. Duke Univ. Med. Ctr., No. 95-CV-00042, 1995 WL 17208544, *2 (M.D.N.C. Oct. 3, 1995) (Under Fed. R. Civ. P. 9(f), allegations of time and place of slanderous statements become material in testing for testing sufficiency of complaint.).

Plaintiff argues that the allegations in the amended complaint are sufficient, and that the defendant can obtain further information regarding the claim through the discovery process. However, the Court finds that plaintiff's indefinite allegation of time and place is

3

inadequate to apprise the defendant of the claim against which it must defend and to permit the assertion of a statute of limitations defense. Thus, the amended complaint fails to state a claim upon which relief may be granted.

The defendant's second motion to dismiss (doc. #35) is hereby GRANTED.

IT IS SO ORDERED.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

11 August 2005
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 1:04-CV-01288 was distributed by fax, mail, or direct printing on August 11, 2005 to the parties listed.

---

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Mark E. Stamelos
KING & BALLOW
315 Union Street
1100 Union Street Plaza
Nashville, TN 37201

Honorable James Todd
US DISTRICT COURT