IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRETTA WEBB,            )
                          )
    Plaintiff,            )
                          )
VS.                       )    No. 04-1288-T/An
                          )
STANLEY JONES REALTY, INC.,)
                          )
    Defendant.            )

## ORDER GRANTING MOTION FOR CLARIFICATION

On August 11, 2005, the Court entered an order granting defendant Stanley Jones Realty, Inc.'s second motion to dismiss. That motion sought dismissal of the cause of action for slander asserted in the amended complaint filed by plaintiff Terretta Webb. On August 25, 2005, plaintiff filed a combination motion for clarification of the August 11 order and motion to further amend her complaint.[1]

Plaintiff points out that her amended complaint, filed June 27, 2005, added both the cause of action for slander and a specific claim of retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*[2] In the August 11 order the Court simply

---

[1] In the future, unless the relief sought is in the alternative, e.g., a motion to dismiss or for summary judgment, or a motion to dismiss or for transfer, etc., the parties should file separate motions and memoranda for each type of relief sought.

[2] In the April 6, 2005 order denying defendant's motion to dismiss the original complaint, the Court found that while plaintiff did not use the word "retaliation," she had stated a minimal claim of retaliation under the FMLA. The Court also found that plaintiff had stated a claim under the FMLA for interference with her right to take leave.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on  08-29-05

43

ruled that the defendant's motion to dismiss was granted, without specifically stating that the retaliation claim had not been challenged. Therefore, plaintiff requests that the Court clarify that only the claim of slander was dismissed, not the retaliation claim.

The motion to clarify is GRANTED. The only cause of action dismissed in the August 11 order was plaintiff's claim of slander. Her claim of retaliation for taking FMLA-qualifying leave remains pending, as does her claim under the FMLA for interference with her right to leave, which was asserted in the original complaint.

Plaintiff also complains because the Court failed to address her request to further amend her complaint if the allegations of slander were deemed inadequate to state a claim. However, that request to amend was contained only in plaintiff's response to defendant's motion to dismiss, not in a proper motion complying with Local Rule 7.2(a)(1).

As indicated, plaintiff has now filed an motion to amend, albeit in combination with her motion for clarification. In accordance with Local Rule 72.1 and Administrative Order 03-23, the Magistrate Judge will issue a separate ruling on the motion to amend.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_26 August 2005_
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 1:04-CV-01288 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

Mark E. Stamelos
KING & BALLOW
315 Union Street
1100 Union Street Plaza
Nashville, TN 37201

Honorable James Todd
US DISTRICT COURT